## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JESSY WALTERS, individually and on
behalf of all others similarly situated;

**CIVIL ACTION NO.**

Plaintiff,

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

-v.-

PORTFOLIO RECOVERY ASSOCIATES,
LLC and JOHN DOES 1-25,

Defendant(s).

Plaintiff Jessy Walters (hereinafter, "Plaintiff" or "Walters") brings this Class Action

Complaint by and through her attorneys, Ballon Stoll Bader & Nadler, against Defendant Portfolio

Recovery Associates, LLC (hereinafter "Defendant PRA"), individually and on behalf of a class of

all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon

information and belief of Plaintiff's counsel, except for allegations specifically pertaining to

Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in

response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection

practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned

that "abusive debt collection practices contribute to the number of personal bankruptcies, to

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws ·were inadequate. Id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

**JURISDICTION AND VENUE**

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

**NATURE OF THE ACTION**

5.     Plaintiff brings this class action on behalf of a class of Minnesota consumers under §1692 et seq. of Title 15 of the United States Code, the FDCPA, and

6.     Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7.     Plaintiff is a resident of the State of Minnesota, with her principle residence located at 4740 Matterhorn Circle Unit A, County of Saint Louis, Duluth, MN 55811.

8.      Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 120 Corporate Boulevard, Suite 100, Norfolk, VA 23502.

9.      Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

1.      Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

2.      The Class consists of:

    a.  all individuals with addresses in the State of Minnesota;

    b.  to whom Defendant PRA sent a collection letter attempting to collect a consumer debt;

    c.  that included materially misleading and deceptive language regarding whether the account would be considered paid-in-full or considered paid-in-full for less than the full balance after final payment is made;

    d.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

3.      The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

4.      Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

5.      There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e.

6.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

7.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.   **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b.   **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e.

    c.   **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d.   **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

8.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

9.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

10.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11.    Some time prior to February 20, 2020 an obligation was allegedly incurred to Capital One Bank (USA) N.A.

6

12.     The Capital One Bank (USA) N.A. obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

13.     The alleged Capital One Bank (USA) N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14.     Defendant PRA, contracted with the Capital One Bank (USA) N.A. to collect the alleged debt.

15.     Defendant PRA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – February 20, 2020 Collection Letter*

16.     On or about February 20, 2020, Defendant PRA sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Capital One Bank (USA) N.A. **See Exhibit A**.

17.     The Letter states a balance of $1000.10.

18.     The Letter offers two options regarding the balance: Either pay the full amount or select a "savings plan" that allows the consumer to pay the balance for a discounted amount.

19.     Below the offer to pay in full, the letter states: "Your Account will be considered paid-in-full after your final payment is successfully posted."

20.     Below the offer to pay the discounted amount, the letter states: "The savings will be applied to the balance and your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted."

21.     Below both offers, the Letter includes a sentence that states: "Within approximately 30 days of your final payment successfully posting, we will request that the three major credit reporting agencies delete our tradeline related to your account from your credit bureau report."

22.     The statement that Defendant will request deletion from the credit bureaus upon final payment is not qualified in any way and the plain reading implies that these deletion will take place in both scenarios; whether the balance is paid in full or paid for less than the full balance.

23.     Upon Defendant's request to delete the tradeline from the credit bureaus upon final payment, the account will no longer appear on the credit report of the Plaintiff in any form.

24.     Therefore, there is no consequence to Defendant's earlier statements in the Letter that the account will be "considered" paid in full or "paid in full for less than the full balance," because in either scenario, the account will simply not appear on Plaintiff's credit report.

25.     The earlier statements are deceptive and misleading, because they propose to offer a benefit of considering the account "paid-in-full," which essentially does not exist, because the account will be deleted entirely upon final payment.

26.     Just the fact that letter at all states that there is a status for each type of payment option is misleading, when in fact either option results in a complete wiping away of the account having existed at all.

27.     In the alternative, if Defendant's statement that they will request a deletion of tradeline is hinged upon selection of only one of the payment options, then the Letter is unclear and misleading for not properly elucidating that fact.

28.     Plaintiff incurred an informational injury because the Defendant falsely describe the effects of full payment as opposed to less than full payment.

29.     As a result of Defendant deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

30.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31.     Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

32.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33.     Defendants violated §1692e:

a.   By making a false and misleading representation in violation of §1692e(10).

34.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

35.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jessy Walters, individually and on behalf of all others similarly situated, demands judgment from Defendant PRA as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Avraham Zvi Cutler, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

        Dated: November 13, 2020                    Respectfully Submitted,

                                    **BALLON STOLL BADER & NADLER**

                                    */s/ Avraham Zvi Cutler*
                                    Avraham Zvi Cutler, Esq.
                                    729 7th Ave., 17th Floor
                                    New York, NY 10019
                                    Ph:  718-578-7711
                                    avicutler@gmail.com
                                    *Counsel for Plaintiff Jessy Walters*